Chief Judge Fuijx
This case concerns a purported “ ambiguity ” between two provisions in a group disability insurance policy—the provision typed on the cover of the policy which indicates that, in the event of sickness, benefits would be paid up to “10 years ” while the other provision printed, in Part G-, which recites that “No [sickness] benefits * * * shall be paid after the Insured’s seventy-second birthday.” The insured was 67 years old when he bought the policy, became disabled a year later and was paid benefits by the defendant insurer only until he reached 72.
If the information on the cover (pertaining to “ 10 years ” as the maximum period of coverage) were peculiar to this insurance policy and had been especially typed in for this par *387 ticular insured, the policy would obviously be ambiguous. In order for a 67-year-old man to collect benefits for “ 10 years ”, they would have to be paid—contrary to the provision in Part Gr—beyond his “ seventy-second birthday.” However, this was a group insurance policy and the record establishes that the words “ 10 years ” were typed in on the cover of every policy issued to every member of the group. Reasonably read, the two clauses in question provide that the sickness benefits to which each member of the gr oup was entitled under the policy were limited to 10 years or until he reached the age of 72, whichever eventuated sooner. So read, the claim of ambiguity must fail. Nothing turns on the fact that the insured initially purchased his policy as a member of the group when he was 67, since it is clear from the record that the premium charged to each group policyholder was “based upon the member’s age ” and there is no allegation or proof that the insured was defrauded.
The order of the Appellate Division should be reversed, with costs, and the order of the Civil Court of the City of New York granting summary judgment to the defendant should be reinstated.